# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRAIG P. ORROCK, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:16-cr-00111-JAD-CWH <br><br> **ORDER** |

Presently before the court is Defendant Craig P. Orrock's Motion for Pretrial Discovery (ECF No. 20), filed May 19, 2017, the government's response (ECF No. 25), filed June 1, 2017, and Orrock's reply (ECF No. 41), filed June 16, 2017.  Under Rule 16 of the Federal Rules of Criminal Procedure, Orrock requests five items of discovery, discussed herein.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure entitles a defendant to inspect and copy tangible things in the government's possession, custody, or control, such as books, papers, documents, etc., provided: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant. "[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) (citations omitted).  This "threshold showing of materiality… requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990)).

/ / /

/ / /

**1. Federal Income Taxes for government witness Roger Thompson for tax years 2001 to 2008.[1]**

Orrock argues that the information is material because it will disprove the government's nominee theory by demonstrating that Thompson took deductions for real estate tax payments and expenses as the owner of the disputed property. The government responds that it is not in possession of the taxpayer information and therefore is not obligated to provide it to Orrock.

Taxpayer returns and information are broadly and strictly protected as confidential by federal law, which prohibits and criminalizes the unauthorized release of such information. Title 26, Section 6103 of the United States Code enacts this strict confidentiality, and prescribes in detail the limited circumstances under which taxpayer information may be released. Unauthorized disclosure under the statute carries serious criminal and civil penalties. *See* 26 U.S.C. § 7213. Although there are limited circumstances that would allow release, the government correctly argues that neither sections 6103(h) or 6103(i) empower a court to order production of taxpayer information if that material is not already in the possession of the United States attorney. The government also recognizes that if the taxpayer information contained exculpatory *Brady* material, the result might be different. Orrock provides no legal analysis of sections 6103(h) or (i), and makes no claim that Thompson's tax returns contain *Brady* material. Here, because the requested tax returns are not in the possession of the United States Attorneys pursuant to the section 6103 provisions allowing release, the court declines to order their production.

**2. All investigative files, memoranda, field notes, and notes and emails to and from John Kirk and IRS agent Patrick von Ahn, Debbie Barrett, Roland Thorley and any other individuals affiliated with the IRS arising from the investigation of Defendant by John Kirk of the Treasury Department that began in 2010 and extended through 2011, including case files identified in his report as Case No. 03-1002-0014-1 and Case No. 63-1002-0018-c and any other cases that may have been brought by Kirk against Defendant during the same period**

---

[1] The government has already disclosed Thompson's 2007 tax return in its initial discovery production because Thompson voluntarily provided that information to the government.

**(the "Kirk Materials.").**

Orrock argues that the Kirk Materials are material to support his contention that the IRS initiated and continued multiple criminal investigations against him under the guise of civil audits and other civil proceedings, and used civil summonses to collect information against him that supports the criminal proceedings. The government describes these documents as relating to an investigation of him undertaken by the Treasury Inspector General for Tax Administrations (TIGTA), and indicates that, to the extent any TIGTA-related records are in the prosecution team's possession, they have already been provided. Orrock replies that he should not be required to rely on the government's statements, but the court disagrees as the government's attorneys are officers of the court. As there are no further documents to be produced, Orrock's request is denied.

3. **Orrock indicates that he has previously requested "all files, emails, correspondence, and memoranda collected, generated or maintained by the IRS relating to Orrock claim No. 2940893 for a reward arising from the investigation of Val Southwick and the Vescor Entities" (the "Vescor Materials.")**

Orrock indicates that some limited documents have been produced by the government, but requests the government be directed to produce all the documents in its control since they bear directly on the issue of the evasion of payment allegations made against Orrock in Count I of the indictment. The government responds that the records relating to Orrock's claim, which was denied in 2006, were subsequently purged, and that Orrock has received discovery information documenting the non-retention of those records. Because the information in the possession of the government has been provided, Orrock's request is denied as moot.

**4. Orrock indicates that he has requested, but not received, "all files, emails, correspondence and memoranda collected or generated or maintained by Nevada District Counsel Roland Thorley" relating to Defendant's 2003 bankruptcy filing (the "Thorley Documents").**

Orrock indicates that he needs the documents generated by Roland Thorley to properly meet and dispute the allegations in the indictment, to support his claims that his tax liabilities were fully reported, and to establish that IRS neither sought nor even considered any nominee action against

Defendant, although it now asserts Defendant's fraudulent appointment of a nominee as part of Count 2 of the indictment. The government responds that the bankruptcy petition was filed on March 18, 2003, a discharge was granted on June 7, 2006, and that it does not appear from the discovery that Thorley had any role or involvement in Orrock's 2003 bankruptcy proceeding. According to the government, Thorley appears to have been involved with the civil audit of Orrock which began in 2010-2011, and may have rendered opinions unrelated to the 2003 bankruptcy petition. IRS's record of Thorley's involvement regarding the abuse of the bankruptcy stay has been provided in discovery. Based upon the government's representation that Thorley had no involvement in Orrock's bankruptcy proceeding, the request is denied because the information is not material to the defense.

5. **Orrock indicates that he has requested but not received the complete files, emails, correspondence, and memoranda collected, generated or maintained by the Phoenix Fraud Group of IRS or by Debbie Barrett, the Fraud Coordinator. Some emails were included in the government's initial discovery but no files or other information was provided, including internal memoranda.**

Orrock argues that Barrett's files, emails, correspondence, and memoranda relating to those simultaneous investigations will likely reveal the IRS mind-set why it decided to prosecute Defendant criminally while civil audit procedures were ongoing and why the IRS violated its own rules and regulations in so doing. The government responds that it has already provided the requested information. Orrock replies that it is customary for IRS personnel to keep a history report of her discussions. However, based upon the government's assurance that the requested information has been provided, the court denies the request as moot.

IT IS THEREFORE ORDERED that Orrock's Motion for Pretrial Discovery (ECF No. 20) is DENIED.

DATED: July 13, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**