# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CRAIG P. ORROCK,<br><br>        Defendant. | Case No. 2:16-cr-00111-JAD-CWH<br><br>**REPORT & RECOMMENDATION** |

Presently before the court is Defendant Craig P. Orrock's Motion to Dismiss Count 2 of the Indictment (ECF No. 22), filed May 22, 2017, the government's response (ECF No. 28), filed June 5, 2017, and Orrock's reply (ECF No. 40), filed June 16, 2017.

On April 12, 2016, Defendant Craig Orrock was indicted for tax evasion of payment, in violation of 26 U.S.C. § 7201; tax evasion of assessment, in violation of 26 U.S.C. § 7201; and attempting to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). (Indictment (ECF No. 1).)

Count Two specifically alleges:

> That in or about February 2007, and continuing to at least on or about May 9, 2011, in the District of Nevada, Orrock did willfully attempt to evade and defeat the assessment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2007, by concealing both ownership of property he held through a nominee known as Arville Properties, LLC, and the proceeds from the sale of such property from the Internal Revenue Service, and thereby evading the proper assessment of his 2007 federal income taxes. All in violation of Title 26, United States Code, Section 7201.

Orrock argues that Count Two should be dismissed both because it fails to state an offense, and because the charge is barred by the applicable statute of limitations. The government disagrees, arguing that the charge properly sets forth the elements of the offense, and that the most

recent affirmative act, which is the proper measure of the running of the statute, occurred within 6 year of the filing of the indictment. In reply, Orrock restates his arguments.

## I. ANALYSIS

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991). Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)). The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

**A. Whether the indictment states an offense.**

Orrock argues that it is factually and legally impossible to evade the assessment of income taxes for 2007 by allegedly appointing Arville as his nominee.[1] He argues that concealing that fact

---

[1] Orrock concedes in his reply that his motion is to dismiss for failure to state an offense under Rule 12(b). *See* Reply (ECF No. 40), at p. 2.

would not allow him to evade the assessment of any tax because of the way the IRS treats nominees, and that naming a nominee does not allow shifting of tax liability to that nominee or elsewhere. The government responds that the indictment properly charges Orrock with evasion of tax assessment, the elements of which are (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax.

The government has correctly set forth the elements of the offense of evasion of tax assessment. *See United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990)). Count Two alleges that from February 2007 to at least May 9, 2011, Orrock willfully attempted to evade the assessment of income tax he owed to the IRS for the tax year 2007. The indictment particularly describes how Orrock attempted to evade assessment by (1) "concealing . . . ownership of property he held through a nominee known as Arville Properties, LLC," and (2) concealing "the proceeds from the sale of such property from the Internal Revenue Service." Count Two tracks the elements of the offense. Defendant's motion that the indictment is insufficient to state an offense is denied.

**B. Whether Count Two is barred by the statute of limitations**.

Orrock argues that the Internal Revenue Code imposes a 6-year statute of limitations for the offense of willfully attempting to evade or defeat any tax, and that the 2007 taxes were due on April 15, 2008, but were filed a year later, on February 19, 2009. Accordingly, the period to bring the criminal complaint expired 6 years later, on February 19, 2015, and the indictment was not filed until April 12, 2016. The government responds that in February 2011, the IRS opened a civil audit on Orrock for the 2007 tax year. In April 2011, the IRS sent a correspondence to Orrock signaling that the IRS was auditing Orrock's 2007 tax liability. The next month, Orrock filed the allegedly false 2007 return for Arville Properties LLC. The indictment alleges that the evasion continued until at least May 9, 2011. Under the government's theory, the statute of limitations did not run until 6 years after February 2011, and so the indictment was timely filed.

The parties agree that the applicable statute of limitations is 6 years. The statute for tax evasion runs from the later of the statutory deadline for filing or the last affirmative act of evasion. *United States v. Carlson*, 235 F.3d 466, 470-71 (9th Cir. 2000). Whether the indictment was filed in a timely manner depends on what, if anything, the government is able to prove at trial regarding

an affirmative act of evasion. Accepting the facts alleged in the indictment as true, that the evasion continued until at least May 9, 2011, and reading the indictment as a whole, the court finds that Count Two alleges an offense within the statute of limitations.

## II.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Orrock's Motion to Dismiss Count 2 of the Indictment (ECF No. 22) be **denied**.

## III.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 13, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**