|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Craig P. Orrock,<br><br>    Defendant | 2:16-cr-00111-JAD-CWH-1<br><br>**Order Adopting Reports and Recommendation**<br><br>[ECF Nos. 22, 57, 76] |

Defendant Craig P. Orrock was indicted for tax evasion after allegedly using an LLC as a nominee to sell one of his properties and hide the profits from the IRS.[1] Orrock moves to dismiss count 2, which charges him with "evasion of assessment of tax."[2] He argues that count 2 fails to state an offense and that the statute-of-limitations period has expired.[3] Magistrate Judge Hoffman recommends that I deny the motion.[4] After considering Orrock's objection to Judge Hoffman's recommendation and reviewing his original motion de novo, I overrule the objection, accept and adopt the recommendation, and deny the motion.

---

[1] ECF No. 1.

[2] *Id.* at 3.

[3] ECF No. 22 at 3.

[4] ECF No. 57.

**Background**[5]

The Government alleges that, in 2001, Orrock used a nominee to purchase real property that it refers to as the Arville Property.[6] The nominee then deeded the Arville Property to Arville Properties, LLC.[7] Although the LLC was not organized under Orrock's name, the Government alleges that Orrock is the true owner because he "controlled the company and was the sole signor of the company's bank account."[8] Then in 2007, Arville Properties, LLC sold the Arville Property for $1.5 million, and Orrock made approximately $810,000 in profits from the sale.[9] Orrock filed his personal federal-income-tax return for 2007 in 2009, but he did not report any income earned from the sale of the Arville Property.[10] The IRS notified Orrock in February 2011 that his 2007 federal-income-tax return was being audited, and three months later, Orrock filed a false 2007 tax return for Arville Properties LLC that did not report the sale either.[11]

A grand jury indicted Orrock on April 12, 2016, on three counts: (1) evasion of payment of tax; (2) evasion of assessment of tax; and (3) attempts to interfere with administration of internal revenue laws.[12] Orrock moves to dismiss count 2,[13] Magistrate Judge Hoffman

---

[5] These background facts provide context to the allegations in count 2 of the indictment, and they are not intended as findings of fact. I base my decision on the allegations contained within the four corners of the indictment.

[6] ECF No. 28 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*; ECF No. 22 at 4.

[11] ECF No. 28 at 2–3.

[12] ECF No. 1.

[13] ECF No. 22.

recommends that I deny the motion,[14] and Orrock specifically objects to the recommendation, reiterating his motion-to-dismiss arguments that count 2 fails to state an offense and that it's barred by the statute of limitations.[15]

## Discussion

### A. Specific-objection standard

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[16] "[R]eview de novo means that the court should make an independent determination of the issues and should not give any special weight to the prior determination of the [magistrate judge]."[17] "Normally, the judge . . . will consider the record which has been developed before the magistrate and make [her] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate."[18] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[19]

### B. Motion-to-dismiss standard

"Federal Rule of Criminal Procedure 12(b) allows a defendant to file a pretrial motion to dismiss an indictment for failure to state an offense if the motion 'can be determined without a trial on the merits.'"[20] "A motion to dismiss is generally capable of determination before trial if it

---

[14] ECF No. 57.

[15] ECF No. 76.

[16] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[17] *United States v. Raddatz*, 447 U.S. 667, 690 (1980) (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967) (internal quotations and ellipses omitted)).

[18] *Id.* at 675.

[19] *Reyna-Tapia*, 328 F.3d at 1121–22.

[20] *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017); FED. R. CRIM. P. 12(b)(3)(B)(v).

involves questions of law rather than fact."[21] "In determining whether an indictment charges a cognizable offense, [I am] bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment."[22] An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."[23] "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."[24] "Dismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy."[25]

**C.  Count 2 sufficiently alleges each element of the crime of tax-assessment evasion.**

Orrock is charged with tax-payment evasion and tax-assessment evasion, both in violation of 26 U.S.C. § 7201.[26] Section 7201 proscribes "the offense of willfully attempting to evade or defeat the assessment of tax as well as the offense of willfully attempting to evade or defeat the payment of a tax."[27] "Evasion of assessment generally involves efforts to prevent or deter the government from determining tax liability prior to an assessment, for example by 'failing to file a return, filing a false return, failing to keep records, concealing income or other

---

[21] *Kelly*, 874 F.3d at 1046 (quoting *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quotations omitted)).

[22] *Kelly*, 874 F.3d at 1047; *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

[23] *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting FED. R. CRIM. P. 7(c)(1)).

[24] *Costello v. United States*, 350 U.S. 359, 363 (1956).

[25] *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (quoting *United States v. Rogers*, 751 F.2d 1074, 1076–77 (9th Cir. 1985)).

[26] ECF No. 1.

[27] *Sansone v. United States*, 380 U.S. 343, 354 (1965).

means.'"[28] "Evasion of payment, by comparison, generally involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed, such as by transferring assets abroad, placing assets in the names of others, or using cash transactions to conceal the existence of assets."[29] Regardless, tax-payment evasion and tax-assessment evasion are two methods of committing the same crime: tax evasion.[30]

Orrock challenges only the tax-assessment-evasion charge.[31] The elements of a § 7201 violation are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax.[32] The elements are the same whether the charge is for evading assessment or payment; the only distinction is the timing of the affirmative act.[33] An affirmative act before tax liability is assessed is an assessment-evading act, while an act after assessment and before payment is a payment-evading act.[34] Orrock does not challenge count 2 on the first two elements; he challenges only the affirmative-act element.[35]

Count 2 for tax-assessment evasion alleges in its entirety:

> That in or about February 2007, and continuing to at least on or about May 9, 2011, in the District of Nevada, CRAIG P. ORROCK did willfully attempt to evade and defeat the assessment of a large part of the income tax due and owing by him to the United States

---

[28] *United States v. Mal*, 942 F.2d 682, 687 (9th Cir. 1991) (quoting *Cohen v. United States*, 297 F.2d 760, 770 (9th Cir. 1962)).

[29] *Mal*, 942 F.2d at 687 (citing *United States v. Conley*, 826 F.2d 551, 556–58 (7th Cir. 1987), and *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981)).

[30] *Id.* at 688 ("We thus conclude that § 7201 charges only the single crime of tax evasion, and that an individual violates the statute either by evading the assessment or the payment of taxes.").

[31] ECF No. 22.

[32] *Sansone*, 380 U.S. at 351 (citing *Lawn v. United States*, 355 U.S. 339, 361 (1958) and *Spies v. United States*, 317 U.S. 492, 493–94 (1943)).

[33] *See supra* notes 28–29 and accompanying text.

[34] *Id.*

[35] ECF No. 22.

of America for the calendar year 2007, by concealing both ownership of property he held through a nominee known as Arville Properties, LLC, and the proceeds from the sale of such property from the Internal Revenue Service, and thereby evading the proper assessment of his 2007 federal income taxes.

All in violation of Title 26, United States Code, Section 7201.[36]

Count 2 sufficiently alleges that Orrock performed an affirmative act that could constitute tax-assessment evasion. The federal system's liberal pleading standard requires the Government to allege that Orrock committed "one or more affirmative acts of evasion of assessment,"[37] but the Government went beyond that and provided two specific affirmative-act theories: concealing ownership and concealing profits.

Orrock argues that concealing his ownership of the Arville Property by using a nominee to sell it "by definition has no effect on assessment of taxes"[38] because "[i]f Arville was [Orrock's] nominee, Arville had no separate existence from [Orrock] for tax purposes, and all reportable taxes (whether they were actually reported or not) arising from the Arville transaction could only have been reported on [Orrock's] personal form 1040."[39] Orrock cites no authority for the proposition that using a nominee to own and sell a property cannot, as a matter of law, constitute an evasion or attempted evasion of tax-liability assessment. He merely cites to two cases that hold a taxpayer liable for profits and losses on a property held or sold by a nominee.[40] These two cases do not support Orrock's argument.

The Government alleges that Orrock used a nominee to conceal his ownership of a

---

[36] ECF No. 1 at 3.

[37] FED. R. CRIM. P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.").

[38] ECF No. 22 at 4.

[39] *Id*. at 4–5.

[40] ECF No. 22 at 5; *see Heaton v. C.I.R.*, 57 T.C.M. (CCH) 1412 (1989); *Householder v. C.I.R.*, 58 T.C.M. (CCH) 381-3 (1989).

property and the income he earned when the property sold. Regardless of how he did it, concealing ownership of a property and the income gained from selling that property can both be attempts to evade tax assessment—that is for a jury to decide.

Orrock also argues that his tax liability for 2007 was definitively assessed on March 30, 2009, so "[a]ny affirmative acts occurring after a tax liability for 2007 was determined to be due and owing can only support an attempt to evade *payment*, not *assessment* as count 2 alleges."[41] This argument relies entirely on Orrock's incorrect statement that any assessment on March 30, 2009, of his 2007 tax liability was final. As the Government points out, "the IRS opened a civil audit on Orrock for the 2007 tax year," and in April 2011, the IRS notified Orrock that it was auditing his 2007 tax liability.[42] When the IRS performs an audit, it assesses the taxpayer's tax liability.[43] So, if Orrock performed an affirmative act while his tax liability was being reassessed through the audit, that act could be an attempt to evade tax-liability assessment.

Finally, Orrock argues that the six-year statute of limitations on count 2 has run. The Government's allegation that Orrock's tax-evasion attempts persisted until at least May 9, 2011, is sufficient to overcome Orrock's argument. The six-year statute of limitations for tax evasion "begins to run from the occurrence of the last act necessary to complete the offense[.]"[44] If Orrock committed an affirmative act on May 9, 2011, he completed the offense on that date, so the statute of limitations would have expired on May 9, 2017. The Government charged the case in April 2016—13 months before the limitations period expired.

---

[41] ECF No. 22 at 5.

[42] ECF No. 28 at 8.

[43] INTERNAL REVENUE SERVICE, *Chapter 13. Audit Reconsideration: 4.13.1.2 Definition of an Audit Reconsideration* (Dec. 16, 2015) https://www.irs.gov/irm/part4/irm_04-013-001#idm139937429090752 ("An audit reconsideration is the process the IRS uses to reevaluate the results of a prior *audit where additional tax was assessed and remains unpaid, or a tax credit was reversed*.") (emphasis added).

[44] *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Hoffman's report and recommendation to deny Orrock's motion to dismiss count 2 **[ECF No. 57] is ACCEPTED and ADOPTED**, Orrock's objection to Judge Hoffman's report and recommendation **[ECF No. 76] is OVERRULED**, and Orrock's motion to dismiss count 2 **[ECF No. 22] is DENIED**.

DATED: December 4, 2017.

_____
U.S. District Judge Jennifer A. Dorsey