**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Craig P. Orrock,<br><br>    Defendant | 2:16-cr-00111-JAD-CWH<br><br>**Order Overruling Objection**<br><br>[ECF No. 77] |

    In this tax-evasion prosecution, defendant Craig Orrock requested a bill of particulars, arguing that allegations in the indictment are too vague to put him on notice of the Government's case and allow him to prepare a defense.[1] Magistrate Judge Hoffman denied the request because the Government "explain[ed] in great detail in its statement of facts the evidence it believes proves this allegation[] and provides examples of discovery which tend[] to prove [those] allegations."[2] Orrock now objects to Judge Hoffman's ruling, and after reviewing Orrock's initial motion and instant objection, I overrule his objection.

**Discussion**

**A.    Standards of review**

    ***1.    Reviewing a magistrate judge's final determination***

    The parties disagree on the applicable standard of review of a magistrate judge's final determination. Orrock suggests that this discussion is governed by Local Rule IB 3-2, which is entitled "REVIEW OF MATTERS THAT MAY *NOT BE FINALLY DETERMINED* BY A UNITED STATES MAGISTRATE JUDGE . . . ," and requires a district judge to review the

---

[1] ECF No. 21.

[2] ECF No. 65.

party's objection to the magistrate judge's recommendation de novo.[3]  Meanwhile, the Government argues that Local Rule IB 3-1 controls.  Local Rule IB 3-1 applies to "matters that *may be finally determined* by a magistrate judge" and requires a district judge to review the magistrate's ruling for clear error.[4]  Magistrate judges are empowered to rule and make final determinations on non-dispositive matters and make recommendations on dispositive matters.[5]  A motion for a bill of particulars is a non-dispositive matter,[6] so it is subject to final determination by a magistrate judge.  I therefore review Magistrate Judge Hoffman's order for whether it is "clearly erroneous or contrary to law."[7]  I "may affirm, reverse, or modify, in whole or in part, the magistrate judge's order."[8]  I "may also remand the matter to the magistrate judge with instructions."[9]

## 2. *Bill-of-particulars standard*

A bill of particulars is intended to: (1) "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial";[10] (2) "avoid or minimize

---

[3] L.R. IB 3-2 (emphasis added).

[4] L.R. IB 3-1 (emphasis added).

[5] FED. R. CRIM. P. 59.

[6] 28 U.S.C. § 636(b)(1)(A) (2012).  The statute enumerates the eight case-dispositive motions that a magistrate may not rule on.  "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." *Id.*

[7] 28 U.S.C. § 636(b)(1)(A) (2012); L.R. IB 3-1.

[8] L.R. IB 3-1.

[9] *Id.*

[10] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

the danger of surprise at the time of trial";[11] and (3) "enable [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague[] and indefinite for such purposes."[12] "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion."[13] The "court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government."[14] And "[f]ull discovery will obviate the need for a bill of particulars."[15]

**B.    Reviewing Judge Hoffman's order**

At the outset, it's clear that Judge Hoffman identified the correct legal standard when reviewing Orrock's motion.[16] Orrock encouraged Judge Hoffman to apply a lenient version of that legal standard to tax cases, but he conceded that there was no binding authority to support his suggestion.[17] Judge Hoffman's decision not to deviate from an established standard and apply a lenient version encouraged by non-binding authority was not clearly or erroneous or contrary to law.

Judge Hoffman's conclusion that the indictment and associated disclosures are neither vague nor indefinite is also not clearly erroneous or contrary to law. The Government explains

---

[11] *Id.*

[12] *Id.*

[13] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *Will v. United States*, 389 U.S. 90, 99 (1967); *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)).

[14] *Id.* (citing *Giese*, 597 F.2d at 1180).

[15] *Id.* (citing *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("[The purposes of a bill of particulars] are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense.").

[16] ECF No. 65 at 1–2.

[17] *Id.* at 2; ECF No. 39 at 6.

3

its theories and chronologies—repeatedly and in great detail—in its oppositions to Orrock's initial motion,[18] to this objection,[19] to Orrock's motion to dismiss count 2 of the indictment,[20] and to Orrock's objection to Judge Hoffman's recommendation to deny the motion to dismiss,[21] and also in the exhibits attached throughout this entire case.[22] As Judge Hoffman recognized, there are columns labeled "Affirmative Acts for [Insert Crime]" with dates and descriptions of the purported affirmative act, a description of the exhibit that supports the allegation, and often even the name of the witness that the Government intends to use to lay foundation for and authenticate the exhibit. It was not clearly erroneous or contrary to law for Judge Hoffman to determine that Orrock was sufficiently informed "of the nature of the charge[s] against him with sufficient precision to enable him to prepare for trial."[23]

To provide more, the Government would have to disclose its trial strategies and walk Orrock through its case-in-chief step by step. Judge Hoffman did not commit clear error by declining to require it to do so.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Orrock's objection **[ECF No. 77]** to Magistrate Judge Hoffman's order denying the request for a bill of particulars **[ECF No. 65] is OVERRULED**, and Judge Hoffman's order **[ECF No. 65] is AFFIRMED**.

DATED: December 14, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] ECF No. 27.

[19] ECF No. 82.

[20] ECF No. 28.

[21] ECF No. 81.

[22] ECF Nos. 27-1, 27-2, and 27-3.

[23] *See supra* note 9 and accompanying text.

4