**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00111-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| CRAIG ORROCK, | |
| Defendant. | |

Presently before the court is defendant Craig P. Orrock's motion requesting the release of the grand jury transcript (ECF No. 108), filed September 12, 2018, the government's response (ECF No. 109), filed September 21, 2018, and Orrock's reply (ECF No. 112), filed September 25, 2018.

Orrock requests all grand jury materials because he does not believe the grand jury was presented with information which accurately reflects the facts of the case known to the prosecutor, and the prosecutor failed to obtain and present relevant exculpatory information. Moreover, he argues that in a prior unrelated tax case, the grand jury transcripts were released to a defendant, and he argues as a matter of equal protection that he is entitled to similar treatment. Because he believes that the government may have used false testimony or misled the jury, Orrock alleges a possible due process violation before the grand jury. Orrock does not provide any specific details in his motion, but in reply argues that the government may have falsely represented, or failed to represent, the true facts concerning various transactions. Specifically, he alleges that in one transaction with Mr. Thompson, there may be a mistake of as much as $175,000. Accordingly, he requests grand jury materials be provided for him to support this position. The government responds that Orrock fails to demonstrate a need for disclosure of grand jury materials.

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy. With specified exceptions, it prohibits disclosure of "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997) (citations omitted). The standards the trial court should apply in granting disclosure of the grand jury transcripts are "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *Id.*

A presumption of regularity attaches to grand jury proceedings. *United States v. Johnson*, 319 U.S. 503, 513 (1943). Speculative claims of a particularized need for grand jury transcripts are not sufficient to warrant an order piercing grand jury secrecy. *See, e.g., United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). If a defendant asserts a particularized need that, even if true, would not result in the indictment being dismissed, he is not entitled to disclosure of grand jury transcripts. *See* Fed. R. Crim. P. 6(e)(3)(E)(ii).

Orrock's claim that he is entitled to the transcripts because the government may have withheld exculpatory evidence is without merit. A properly returned indictment may not be dismissed due to the prosecutor's failure to present exculpatory evidence to the grand jury, and a defendant is not entitled under Rule 6(e) to disclosure of grand jury transcripts to investigate such a claim. *See United States v. Williams*, 504 U.S. 52 (1992)).

Orrock argues that he has discovered errors in the discovery provided in this case, specifically, the treatment and disposition of $175,000 connected with the Arville sale. Even assuming this claim is true, a challenge to the competence of the evidence presented to the grand jury, is not a basis to release the grand jury transcript. *See id.* at 54. A defendant is not entitled to dismissal of an indictment based on a lack of probable cause in the presentation to the grand jury. The Supreme Court is clear that "a court may not look behind the indictment to determine if the evidence upon which it was based is sufficient." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988)).

Orrock's claim that he has a due process or equal protection claim to the entire grand jury transcript because someone else in another case obtained a transcript ignores the applicable standard contained in Rule 6(e). The release of a transcript in another unrelated case is no basis to release the transcript in this case, especially without an understanding of the reason for the release in the other case. Orrock's evidence from the other case appears to be a transcript of testimony of a particular witness. The Jencks Act, in order to provide for full and fair cross-examinations, requires the United States to provide the defense with any statements made by a witness relating to his or her testimony after that witness has testified on direct examination. 18 U.S.C. § 3500. Here, Orrock makes no request for the testimony of a particular person.

IT IS THEREFORE ORDERED that Orrock's motion requesting the release of the grand jury transcript (ECF No. 108) is DENIED.

DATED: December 3, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE