1

2

3

## UNITED STATES DISTRICT COURT

4

## DISTRICT OF NEVADA

5

\* \* \*

6    UNITED STATES OF AMERICA,                Case No. 2:16-cr-00111-JAD-CWH

7                            Plaintiff,

8                                                  **REPORT AND RECOMMENDATION**

         v.

9    CRAIG ORROCK,

10                           Defendant.

11

12        Presently before the court is defendant Craig P. Orrock's Motion to dismiss count three of

13   the indictment (ECF No. 113), filed October 4, 2018, the government's response (ECF No. 114),

14   filed October 18, 2018, and Orrock's reply (ECF No. 117), filed October 22, 2018.

15        On April 12, 2016, a grand jury returned an indictment charging Orrock with the

16   following crimes: Count 1 – Evasion of Payment of Tax (26 U.S.C. § 7201); Count 2 – Evasion

17   of Assessment of Tax (26 U.S.C. § 7201); and Count 3 – Attempts to Interfere with

18   Administration of Internal Revenue Laws (26 U.S.C. § 7212(a)).

19        Orrock argues that count three should be dismissed because it does not allege causation

20   between the conduct constituting the interference with administration of internal revenue laws

21   and a particular administrative proceeding.  He also argues that the statute of limitations has

22   expired, and so count 3 should be dismissed.

23                                    **I.  ANALYSIS**

24        Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by

25   pretrial motion any defense, objection, or request that the court can determine without a trial on

26   the merits."  A motion to dismiss is generally capable of determination before trial "if it involves

27   questions of law rather than fact."  *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003)

28   (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*,

478 U.S. 1007 (1986)).  An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail to enable the defendant to prepare his defense; to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; to enable him to plead double jeopardy; and to inform the court of the alleged facts so that it can determine the sufficiency of the charge.  *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991).  Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true."  *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense."  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).  The court's inquiry must end there.  Arguments directed at the merits of the claims must be left for trial.

**A.  Whether the indictment states an offense.**

Count three charges Orrock with violating § 7212(a), impeding or impairing the IRS, the elements of which are that the defendant: (1) corruptly (2) endeavored (3) to obstruct or impede, the due administration of the Internal Revenue Code.  *See, e.g., United States v. Hanson*, 2 F.3d 942, 946-47 (9th Cir. 1993).  Count three specifically alleges that beginning in or about 1993, and continuing thereafter at least up to and including April 23, 2010, Orrock did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by filing false and fraudulent bankruptcy petitions; by hiding assets from the IRS; by submitting a false and fraudulent Offer In Compromise to the IRS; and by submitting repetitious false and fraudulent letters to IRS collections agents.  Indictment, ECF No. 1.  Given these allegations, the government has therefore set forth the elements of the offense with sufficient detail to allow Orrock to defend himself.  *See Musacchio*, 968 F.2d at 787.

Orrock argues that in *Marinello v. United States*, 138 S.Ct. 1101, 1109 (2018), the Court held that a § 7212(a) conviction requires the government to prove "a 'nexus' between the

defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." Because charge three does not allege the nexus, he argues that the indictment is insufficient. The government responds, and the court agrees, that *Marinello* did not address the sufficiency of the indictment, but rather what the government "must show" at trial. *See id.* at 1109-10. Accordingly, while *Marinello* requires the government at trial at prove a nexus to a particular proceeding, Orrock cannot rely on that decision as a basis for dismissal of count three of the indictment. *See United States v. Meza*, 2017 WL 1371102, at *4- *5 (S.D. Cal. April 7, 2017) (citing cases recognizing that the Supreme Court's "nexus" requirement for certain obstruction statutes is a matter of proof, rather than pretrial pleading). The court therefore will recommend that Orrock's motion be denied to the extent it argues the indictment does not state an offense as to count three.

### B. Whether Count Two is barred by the statute of limitations.

The parties agree that the applicable statute of limitations is 6 years.[1] Orrock argues that any "corrupt acts" must have occurred from April 10, 2010 to April 23, 2010 to be within the statute of limitations. Because none of the acts complained of in the indictment occurred during that period, he argues that the statute expired. The government responds that the Indictment alleges a series of corrupt endeavors, some of which occurred within the specified time frame and the rest of which occurred after. Specifically, the filing of a false and fraudulent Offer in Compromise occurred within the relevant timeframe. Although Orrock states that this document is outside the indictment period because it was received by the IRS on May 5, 2010, as evidenced by a date stamp on the first page, the document in question was signed by the defendant and dated on April 23, 2010, which the government argues is included in the six-year period. Ultimately, whether the indictment was filed in a timely manner depends on what, if anything, the government is able to prove at trial. Accepting the facts alleged in the indictment as true, that a

---

[1] Section 6531(6) provides a six-year statute of limitations for "the offense described in section 7121(a) (relating to intimidation of officers and employees of the United States)."

corrupt act occurred on April 23, 2010, and reading the indictment as a whole, the court finds that count three alleges an offense within the statute of limitations.

Finally, to the extent that Orrock attempts to challenge the government's evidence or litigate the facts alleged in the indictment, his motion is denied. The proper procedure for raising "[a] challenge to the sufficiency of the government's evidence . . . is a motion for judgment of acquittal under Rule 29." *United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993). In resolving a motion to dismiss an indictment, the court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

## II. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Orrock's Motion to dismiss count three of the indictment (ECF No. 113) be DENIED.

## III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: December 3, 2018


_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE