# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-0111-JAD-CWH |
| Plaintiff | |
| v. | **Order** |
| Craig P. Orrock, | [ECF Nos. 113, 126, 130, 134, 141, 154, 156] |
| Defendant | |

Pro se defendant Craig P. Orrock stands charged with three felonies: two counts of tax evasion and one count of attempting to interfere with the administration of the Internal Revenue laws; he was released on bond.[1] After numerous stipulated or defendant-requested continuances, trial is scheduled for January 29, 2019.[2] Orrock has filed a flurry of motions and notices, which I address and resolve with this order.

**A.     Notice of intent to plead [ECF No. 154]**

Orrock has filed a document entitled "Defendant's Notice to the Court of his Intention to Enter an Open Plea to the Court under 26 U.S.C. 7203 and to Dismiss Counts 1, 2, and 3 under the Pending Indictment."[3] In it, he advises the court that he intends to enter a plea (without the benefit of a plea agreement with the government) to a lesser-included misdemeanor offense within one of his charges and then have the rest of the charges dismissed. I construe this notice

---

[1] ECF No. 1.
[2] ECF No. 147.
[3] ECF No. 154.

as a motion to allow him to plead to a lesser-included offense and to dismiss the remaining counts.

This is not an option available to Orrock. The discretion to choose which crimes a defendant is charged with and can plead to belongs to the prosecutor, not the defendant or the court:

> It cannot be disputed that under our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys. The Executive Branch has "exclusive and absolute discretion to decide whether to prosecute." . . . The district court has no power to deny the United States Attorney his prerogative under the Separation of Powers doctrine.[4]

In effect, Orrock is asking the court to usurp the power of the prosecutor to reduce one of his charges to a misdemeanor and dismiss the rest, and he offers no legal basis for this extraordinary relief. But, as the Ninth Circuit explained in *United States v. Edmonson*, "[w]hen, as here, conduct violates more than one criminal statute the government may generally elect which statute it wishes to charge. This is so even though one statute imposes felony penalties and the other merely imposes misdemeanor penalties."[5] "Thus, a district court, in accepting a guilty plea to the indictment, may not, without the government's consent, accept a plea to a lesser included offense."[6] Orrock's request to enter an open plea to an unindicted offense and have the court dismiss the remaining counts is denied. Without a plea agreement with the government,

---

[4] *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986) (citing *United States v. Nixon*, 418 U.S. 683, 693–94 (1974), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)).

[5] *Id*.

[6] *Id*. at 1498.

2

Orrock's only options are to plead to—or put the government to its burden of proof at trial on—the counts as charged in the indictment.

**B.      Motion to Supplement Motion in Limine [ECF No. 156]**

On January 8, 2019, the government filed a handful of motions in limine.[7] In one of them, it seeks to preclude Orrock from arguing or introducing evidence of prosecutorial charging decisions or pretrial motion practice and discovery matters.[8] The following day, the government filed a request to supplement that motion.[9] Good cause appearing, I grant the motion to supplement. Orrock's response to the motion should address any issues in the supplement, too.

**C.      Request for Summary of Expert Witness Testimony [ECF No. 141]**

In response to the government's notice of its intent to present expert testimony from IRS agent Laura Blake,[10] Orrock moves, purportedly under Fed. R.Crim. P. 16(a)(1)(G), for "a summary report of the expert's testimony."[11] The summary contemplated by the rule was already provided to Orrock in the government's expert-witness notice.[12] The government additionally provided, as a courtesy, "a draft spreadsheet outlining" the witness's "conclusions of the tax computation" that are "based on the discovery that [Orrock] ha[s] possessed for some years now."[13] To the extent that Orrock is looking for the government to create something more,

---

[7] ECF Nos. 148–51.  These motions are not yet fully briefed and will be resolved by future order.
[8] ECF No. 148.
[9] ECF No. 156.
[10] ECF No. 140.
[11] ECF No. 141.
[12] *See* ECF No. 140 at 1–2.
[13] ECF No. 144-1 at 2.

3

the rules do not require the government to do so and Orrock has offered no further legal basis for it. Accordingly, the request for a summary report is denied.

**D.     Objection to Order re: Grand Jury Transcripts [ECF No. 134]**

Orrock objects to Magistrate Judge Hoffman's order denying his motion to release the grand jury transcripts.[14] Local Rule IB 3-1 permits me to reverse or modify a magistrate judge's order on a referred pre-trial matter only if the decision is "clearly erroneous or contrary to law." Orrock has not cited this standard and has failed to satisfy it. Rather than establishing that he has "a particularized need" for the transcripts "that outweighs the policy of grand jury secrecy,"[15] Orrock's "I don't know what I don't know" argument[16] demonstrates that he seeks to engage in the type of "across the board fishing expedition[]" that the Ninth Circuit has foreclosed.[17] And because Orrock has not advanced an allegation that, if proven true, would mandate dismissing the indictment, Judge Hoffman did not err in preserving the secrecy of the grand-jury proceedings.[18] I therefore overrule Orrock's objection and affirm the order.

---

[14] ECF No. 134 (objection); ECF No. 129 (report and recommendation); ECF No. 108 (underlying motion).

[15] *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).

[16] *See* ECF No. 134 at 2 ("As the saying goes 'Toby don't know what Toby don't know". [sic]).

[17] *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978).

[18] *See* Fed. R. Crim. P. 6(e)(3)(E)(ii) ("The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ."); *see also United States v. Williams*, 504 U.S. 36, 52–53 (1992) (holding that the government's failure to disclose exculpatory evidence to the grand jury is not a basis for dismissing an indictment).

**E.     Objection to R&R re: Motion to Dismiss Count Three [ECF Nos. 113, 130, 139]**

Orrock also objects in part to Judge Hoffman's report and recommendation to deny his motion to dismiss count three of the indictment.[19] Because this is a potentially dispositive matter, I review de novo the single portion of the decision that Orrock objected to.[20]

Orrock argues, as he did before Judge Hoffman, that the applicable six-year statute of limitations bars count three, attempts to interfere with the administration of internal revenue laws under 26 U.S.C. § 7212(a).[21] Orrock highlights that the indictment alleges that his pertinent acts began in 1993 and continued "at least up to and including April 23, 2010 . . . ."[22] The parties agree that this final date references the day Orrock signed an allegedly fraudulent offer of compromise that he sent to the IRS, but he contends that the crime was not completed until May 5, 2010, the date the IRS received the document (as evidence by a date stamp).[23] But even if there is legal merit to Orrock's definition of when the crime was completed (which I need not decide), he fails to compare either date to when the government obtained the indictment: April 12, 2016.[24] Regardless of whether the statute of limitations began to run on April 23 or May 5,

---

[19] ECF No. 139 (objection); ECF No. 130 (report and recommendation); ECF No. 113 (underlying motion to dismiss).

[20] L.R. IB 3-2(b) ("The district judge must conduct a de novo review of those portions of the specified findings or recommendations to which objections have been made.").

[21] In its response to Orrock's objection, the government briefs all the issues raised in his underlying motion, but I decline to address matters not specifically objected to. *See id.*; *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[22] ECF No. 1 at 3.

[23] *See* ECF No. 139 at 2; ECF No. 142 at 8.

[24] ECF No. 1; *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) ("Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." (quoting *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990)).

2010, the indictment issued within the six-year window. To the extent that Orrock is arguing that count three is not sufficiently pled because it cites only the April signing date, that is not a statute-of-limitations defense. Nor has Orrock demonstrated that he is entitled to relief on that ground given that the specific alleged "endeavor[]" to impede the administration of internal revenue laws by filing a fraudulent offer of compromise at least began when he signed the document. I therefore overrule Orrock's objection, adopt the report and recommendation, and deny the motion to dismiss.

**F.     Defendant's Request to Continue Trial [ECF No. 126]**

Finally, Orrock asks the court for yet one more continuance of the trial date. He represents that his health and ongoing medical issues have "slowed" him down "from his regular routine" and that he needs additional time to prepare his defense in this "complex tax case, spanning 23 years . . . ."[25] He also suggests that a continuance may permit the parties to resolve this case with plea negotiations. He asks for a three-month continuance and agrees that, if granted this final continuance, he won't seek another.[26] The government opposes the request, arguing that good cause for a continuance does not exist and that Orrock is seeking only to delay and obstruct.

Based on Orrock's representation about his preparedness and his promises that a final three-month continuance will permit him to be sufficiently prepared, the court finds good cause for one final continuance. The court cautions Orrock that future continuances are not likely to be granted, so he must efficiently utilize this additional time to take all steps necessary to be prepared to try this case at the next trial setting.

---

[25] ECF No. 126 at 2–3.

[26] *Id.* at 4.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED THAT:

- The magistrate judge's report and recommendation to deny Orrock's motion to dismiss count three **[ECF No. 130] is ADOPTED**; Orrock's appeal of that order, which I construe as an objection **[ECF No. 139] is OVERRULED**; and Orrock's motion to dismiss count three **[ECF No. 113] is DENIED**;

- Orrock's objections to the report and recommendation denying his motion to release the grand jury transcripts **[ECF No. 134] are OVERRULED**; and the magistrate judge's report and recommendation **[ECF No. 129] is ADOPTED**;

- Orrock's request for a summary of expert-witness testimony **[ECF No. 141] is DENIED**;

- Orrock's request to enter an open plea to a lesser included offense and have all remaining charges dismissed **[ECF No. 154] is DENIED**;

- The government's motion to supplement its motion in limine regarding prosecutorial charging decisions or pretrial motions and discovery **[ECF No. 156] is GRANTED**. Orrock's response to the government's motion in limine on these topics [ECF No. 148] should address the issues raised in the supplement [ECF No. 156], too; and

- Orrock's motion to continue trial **[ECF No. 126] is GRANTED.  THE TRIAL IS CONTINUED to the trial stack at 9 a.m. on May 7, 2019,** with calendar call April 29, 2019, at 1:30 p.m.  **All proposed jury instructions, proposed voir dire, trial briefs, exhibit lists, and witness lists are due by noon on April 29, 2019**.  Orrock is cautioned that the court is unlikely to grant any further continuances absent extraordinary circumstances.

Dated: January 14, 2019

_____
U.S. District Judge