# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00111-JAD-CWH |
| Plaintiff | **Order on the Government's Motions in Limine and to Strike** |
| v. | [ECF Nos. 148–51, 168, 175–76] |
| Craig P. Orrock, | |
| Defendant | |

Pro se defendant Craig P. Orrock stands charged with three felonies: two counts of tax evasion and one count of attempting to interfere with the administration of the Internal Revenue laws; he was released on bond. After numerous stipulated or defendant-requested continuances, trial is scheduled for May 7, 2019.[1] The government has filed five motions in limine and has also moved to strike Orrock's responses to two of those motions as untimely. I grant the motion to strike because Orrock has not demonstrated excusable neglect for filing his responses 20 days late. I also grant three of the government's first four motions in limine because the evidence it seeks to exclude is irrelevant to this prosecution or otherwise proscribed by the Federal Rules of Evidence. But because Orrock has represented that he does not intend to argue for sentence mitigation or jury nullification during trial, and the government has not cited evidence to the contrary, I deny its motion on these topics. And because it is not clear if some of the topics raised in the government's final, "omnibus" motion in limine are relevant, I direct it to file a reply to Orrock's opposition.

---

[1] ECF No. 162.

## I. Motion to strike [ECF No. 168]

On January 8, 2019, the government filed four of its pending motions in limine, making Orrock's oppositions due 14 days later on January 22.[2] But Orrock filed only two of his oppositions by this deadline,[3] filing the remaining 2 oppositions 20 days after it expired.[4] Orrock neither moved for an extension of time nor addressed his filings' untimeliness. The government moves to strike these late oppositions.

This district's local rules state that a request for an extension of time "made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."[5] In response to the government's motion, Orrock represents the he forgot about the other pending motions due to the stress of preparing for trial—which at that point was scheduled for January 29—his lack of experience as a trial attorney, and learning at an unspecified point that a friend had taken his own life.[6] As to this final point, Orrock states that his "mind was not on this case since [he] was talking with his [friend's] family and preparing a tribute to his memory," but Orrock acknowledges "this is no real excuse . . . ."[7] Although I am sympathetic to Orrock's loss, I find that he has failed to demonstrate excusable neglect—a standard he does not cite or address. Orrock has filed many stipulations for extensions of time in this case, and as a

---

[2] ECF Nos. 148–51.

[3] ECF No. 157–58 (responding to motions in limine at ECF Nos. 148–49).

[4] ECF Nos. 165–66 (filed on February 11, 2019).

[5] LR IA 6-1(a); *see also* Fed. R. Crim. P. 45(b)(1)(B) (setting the same standard).

[6] ECF No. 169 at 2–3 ("During the last week, I reviewed the transcript in light of numerous motions filed by the government and noticed that I did not file responses to motions 150 and 151. I promptly filed them this last week, but readily admit they were late.").

[7] *Id*. at 2.

former attorney (regardless of his area of practice), he should be well aware of the importance of court deadlines. He filed his two timely oppositions two days after the government filed its underlying motions, so he was clearly aware of the four pending motions, and if he needed more time to respond to the remaining two, he should have moved for an extension or sought a stipulation. And even after the deadline expired, Orrock remained active in this case—filing an ex parte motion for trial subpoenas on January 30[8]—but he failed to seek an extension nunc pro tunc. I therefore grant the government's motion and strike Orrock's responses to its motions in limine at ECF Nos. 165–66.

## II. Motions in limine re: decision to prosecute, vindictive prosecution, and motions practice/discovery [ECF Nos. 148, 151]

In two separate motions, the government raises two related topics that it seeks to preclude Orrock from raising at trial: questioning its motives for prosecuting him and explicitly arguing that the government has engaged in vindictive prosecution. Orrock has accused divisions of the Treasury Department of misconduct in investigating his tax returns prior to this case and has asserted that the government vindictively chose to prosecute him.[9] But it is well established that inquiries into why the government chose to investigate and ultimately charge a defendant are irrelevant[10] and thus inadmissible at trial.[11] Similarly, the question of whether the government is

---

[8] ECF No. 163.

[9] *E.g.*, ECF No. 134 at 3–5.

[10] *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (upholding the district court's decision to "not allow the defense to mount an inquiry into the mental states of the investigating officers since such evidence was irrelevant").

[11] Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) ("Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions [under Federal Rule of Evidence 403] on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues.").

3

vindictively prosecuting a defendant "to punish [him] for exercising a legal right" in violation of his due-process rights is a question of law for the court[12] and is therefore not relevant to trial. Although Orrock asserts that he "has no objection . . . with respect to [excluding] pre-charging decisions" from trial, he goes on to state "that the jury should be free to conclude on their own why [he] is being prosecuted . . . ."[13] But any evidence or argument about the government's decision to charge Orrock is irrelevant, and I therefore grant the government's motions in limine as to this issue. Orrock may not argue or attempt to present evidence to show that the government's motives for prosecuting this case are improper or that he is being vindictively prosecuted.

The government also seeks to exclude reference to "pretrial litigation conduct and discovery related matters . . . ."[14] It raises concern that Orrock will attempt to address alleged discovery violations during trial.[15] And in a supplemental brief that I gave the government leave to file, it cites a plea-negotiation meeting with Orrock, in which one of the prosecutors allegedly shook her head no after Orrock stated that he hadn't received information about his settlement offer in his U.S. Tax Court case.[16] Orrock has since asserted that he "took" this gesture to mean that the prosecutor "stopped" government counsel in his civil tax case from responding to his

---

[12] *See United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007).

[13] ECF No. 157 at 2. I struck Orrock's response to the motion addressing only vindictive prosecution, in which he argues that granting the government's request will somehow preclude him from filing a motion to dismiss for vindictive prosecution. ECF No. 165 at 6. But excluding this argument from trial has no bearing on his ability to argue vindictive prosecution in a pre-trial motion. Orrock has not, to this date, filed a motion to dismiss for vindictive prosecution, and I make no finding on whether such a motion would be timely or meritorious.

[14] ECF No. 148 at 5–7.

[15] *Id*. at 6.

[16] ECF No. 156 at 4.

settlement offer.[17]  In a letter to the prosecution, Orrock asked for confirmation on this point and stated that he may seek to call the prosecutor who shook her head to testify at trial in this case.[18] Orrock provides a meandering response to the government's motion, arguing the relevance of "previous and pending litigation" and contending that the scope of the term "pretrial litigation" is overly expansive.[19]

But the government's motion clearly seeks to preclude reference to the motions practice and discovery in *this* prosecution—issues that are irrelevant to trial.  Indeed, since responding to these motions, Orrock has moved to dismiss the indictment based on alleged discovery violations by the government.[20]  As for the prosecutor's non-verbal response to Orrock's question, this alleged conduct occurred during a settlement negotiation and is thus inadmissible under Federal Rule of Evidence 408.[21]  Further, Orrock has not addressed how anything to do with his tax-court case is relevant to this criminal prosecution,[22] and because I cannot perceive of any possible relevance, the non-verbal gesture is also inadmissible under Rule 402.  I therefore also grant the government's motion as to this point.  Orrock may not argue or attempt to present evidence about the motions practice in this case, any alleged discovery violations by the government, or the prosecutor's non-verbal gesture during the settlement negotiation.

---

[17] ECF No. 156-1 at 2.

[18] *Id.*

[19] ECF No. 157 at 2–3.

[20] ECF No. 190.

[21] Fed. R. Evid. 408(a)(2) ("Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim[:] . . . conduct or a statement made during compromise negotiations about the claim . . . .").

[22] *See generally* ECF No. 171.

### III. Motion in limine re: plea negotiations [ECF No. 150]

The government also moves to preclude Orrock from introducing evidence about any statements made by government attorneys and investigators during settlement negotiations. It cites to allegations made by Orrock in various filings that the government confirmed—or at least failed to deny—that it had miscalculated his tax bill to some degree.[23] Because Orrock's own allegation establishes that this exchange occurred in a meeting negotiating the terms of a possible plea agreement with the government,[24] any statements made by the government's attorneys are inadmissible under FRE 408. Although that rule allows me to admit such statements "for another purpose, such as proving a witness's bias or prejudice,"[25] it is clear that Orrock would advance these alleged statements only to refute the merits of the tax-evasion charges against him. And that purpose is precluded by FRE 408.

And though I struck Orrock's response to this motion, I note that he refers in this and other filings not only to the original statements made during the settlement negotiation, but also to a court hearing in which he asked one of the prosecutors to deny the error.[26] Because the prosecutor did not respond, Orrock asserts that he may admit this alleged admission by silence and will file his own motion in limine on this topic.[27] Given that this exchange did not occur during a settlement negotiation, it does not fall within the scope of the government's motion or

---

[23] ECF Nos. 133 at 3–4, 171 at 5.

[24] ECF No. 133 at 3 ("The defendant identified errors in the government's work product at the first proffer session after attorney Mace Yampolsky Esq. was retained. At that session the defendant identified errors in the government's tax calculations, of at least $ 175,000 which the government did not deny when the court held a status hearing on this matter August 20, 2018.").

[25] Fed. R. Evid. 408(b).

[26] ECF No. 133 at 3 & n.4; ECF No. 166 at 1–2.

[27] ECF No. 166 at 1–2.

my ruling. So, I make no determination at this point on whether this purported admission by silence would be admissible.

**IV.     Motion in limine re: sentencing matters and jury nullification [ECF No. 149]**

Next, the government seeks to preclude Orrock from arguing sentencing-mitigation factors during trial, such as his health problems, and from advocating for jury nullification. Orrock represents in response that he will not argue either point.[28] Because the government has not cited anything in the record that supports its stated concerns, it does not appear that an in limine ruling is needed, so I deny its motion. But I caution Orrock that these topics are off limits at trial.

**V.      Omnibus motion in limine [ECF Nos. 175–76]**

Finally, the government raises a litany of topics that it believes Orrock will address at trial and that it asserts would be irrelevant or otherwise inadmissible. In response, Orrock represents that he does not intend to raise several of these topics but argues that most of them are relevant.[29] I find that a reply from the government would assist me in assessing the relevance of these topics. I therefore defer ruling on the government's omnibus motion and order the government to file a reply brief by April 23, 2019.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the government's motion to strike **[ECF No. 168]** and motions in limine **[ECF Nos. 148, 150–51] are GRANTED**. Orrock may not raise at trial any of the motions practice and discovery in this case, the government's decision to charge him, his allegations of vindictive prosecution, or any statements made during settlement

---

[28] ECF No. 158 at 2.
[29] ECF No. 177.

7

negotiations, including any alleged reference to settlement offers in U.S. Tax Court or confirmation of errors in computing Orrock's tax bill.

IT IS FURTHER ORDERED that the government's motion in limine **[ECF No. 149] regarding sentence-mitigation and jury-nullification arguments is DENIED.**

IT IS FURTHER ORDERED that the government **must reply to Orrock's response to its omnibus motion in limine [ECF Nos. 175–76] by April 23, 2019.**

Dated: April 16, 2019

_____
U.S. District Judge Jennifer A. Dorsey