UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>CRAIG ORROCK,<br><br>                          Defendant. | Case No. 2:16-cr-00111-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is pro se defendant Craig P. Orrock's motion to dismiss (ECF Nos. 190, 192), filed on April 11, 2019. The government filed a response (ECF No. 193) on April 16, 2019. Orrock filed a reply (ECF No. 198) on April 19, 2019. The government filed a surreply (ECF No. 206) on April 23, 2019.

**I.      BACKGROUND**

The parties are familiar with the facts of this case and the court will repeat them here only as necessary. Orrock allegedly filed tax returns but failed to pay federal income taxes, using various nominee entities, bank accounts, trusts, false bankruptcy petitions, a false offer in compromise, and other strategies to hide income from the Internal Revenue Service (IRS). Orrock was investigated multiple times by the IRS and ultimately was indicted for three felonies: (1) evasion of payment of tax; (2) evasion of assessment of tax; and (3) attempts to interfere with the administration of internal revenue laws. (Indictment (ECF No. 1).) After numerous stipulated or defendant-requested continuances, trial in this case is set for May 7, 2019. (Order (ECF No. 195).)

On April 9, 2019—approximately one month before trial—the government notified Orrock that it would be disclosing around 800 pages of recently-discovered documents. In an email to Orrock, the government stated:

> [b]ased on some of the arguments in your recent pleadings, we requested that IRS double check the existence of physical files related to its audits of you and the Great White entities. IRS was able to locate two physical audit files that had been transmitted to appeals. Yesterday we made copies of those two files and will be producing them to you today or tomorrow once they are bates stamped and ready to be sent out. While the files appear to contain a significant amount of duplicate and already-produced documents, the production will be about 500 pages of material. Additionally, we have recently been advised that IRS has located a physical file related to activity by a fraud technical advisor. We are having that material assembled by the case agent for production. We expect this material to possibly consist of several hundred pages of material, and we have asked IRS to make its collection and production a priority.

(Mot. to Dismiss, Ex. A (ECF No. 190-1) at 2.)

Orrock now moves to dismiss under Federal Rule of Criminal Procedure 16(d)(2)(D), arguing dismissal sanctions are appropriate for the government's late disclosure of the documents. Orrock concedes he filed his motion to dismiss before receiving the recently-discovered documents. Regardless, Orrock surmises the documents include materials from Debbie Barrett, the IRS Fraud Technical Advisor, as well as the Phoenix Fraud Group. Orrock argues he previously moved to compel those documents, and the government represented all materials had been provided. Orrock further argues he was prejudiced by not having the documents when he filed his motion to suppress.

The government responds it has not violated Rule 16 and therefore sanctions are not warranted. The government argues it previously produced extensive records regarding the fraud technical advisors' work that resulted in this case being referred for criminal prosecution. The government states Orrock raised arguments regarding certain documents in his recently-filed response to the government's motion in limine that caused the government to request the IRS's civil branch to search again for audit or fraud technical advisor files. Additional files were found in the IRS's appeals and exam and collections sections. The government represents that on the same day it received the files, it notified Orrock of them under Rule 16(c)'s "continuing duty to disclose" and promptly mailed them and made them available for inspection. According to the government, most of the documents are Jencks Act material, which are not subject to disclosure under Rule 16(a)(2) and need to be disclosed five days before trial.

1    Even if it violated Rule 16, the government argues Orrock is not entitled to the remedies
2    available under Rule 16(d) because he was not prejudiced.  The government argues the newly-
3    discovered documents contain duplicate or cumulative materials.  The government further argues
4    the documents do not provide new support for Orrock's motion to suppress that was denied.  The
5    government also argues the documents are not helpful to Orrock's defense because they contain
6    inculpatory material.[1]  Finally, the government argues a dismissal sanction, or even the lesser
7    sanctions of exclusion of the materials or a delay of trial, are too severe given the government's
8    lack of culpability and the fact Orrock has nearly a month before trial to examine the newly-
9    produced documents.

10    Orrock replied with the benefit of having reviewed the newly-produced documents.  First,
11    Orrock focuses on a Fraud Development Recommendation Form 11661 that he claims indicates
12    he was referred for criminal investigation on February 7, 2011, as opposed to November 6, 2012.
13    (Reply at Ex. A (ECF No. 198-1) ["Form 11661"].)  Form 11661 also includes a "Plan of Action"
14    stating that "[r]elated case has been accepted for criminal investigation.  CI advised that this
15    entity should be closed civilly." (*Id.* at 3.)  Orrock argues Form 11661 undermines the timeline
16    the court relied on in denying his motion to suppress, in which he argued evidence that was
17    obtained during his civil audits should be suppressed because the IRS violated its internal policies
18    by continuing a civil audit after badges of fraud had been recognized.  Second, he focuses on a
19    document indicating civil summonses were issued after the case had been referred to criminal
20    investigation, though he does not attach the document, apparently due to its length.  (*See* Reply
21    (ECF No. 198) at 7-8 (listing civil summonses issued on 12/30/2011, 4/12/2012, 4/16/2012, and
22    5/25/2012).)  In his motion to suppress, Orrock had argued the IRS illegally issued administrative
23    summonses in connection with the civil-audit investigation after the criminal investigation had
24    begun.

---

[1] The government includes lengthy citation to the newly-discovered documents and a discussion of their significance. (Resp. (ECF No. 193) at 7-10.)  But Orrock had not reviewed the documents at the time he filed the motion and the court has not been provided with the documents, so the court does not have a basis for evaluating the government's representations regarding the documents.  The court therefore does not express an opinion on the significance of these documents.

The government's surreply states that Orrock misinterprets Form 11661.[2] Specifically, the government argues other discovery clarifies that February 7, 2011, is the date Agent Patrick Von Ahn sent Form 11661 to the Fraud Technical Advisor, not the date a criminal investigation was opened. (Surreply at Ex. 1 (ECF No. 206-1).) The government represents that Form 11661's "Plan of Action" entry stating "[r]elated case has been accepted for criminal investigation" was made by FTA Debbie Barrett after she received the initial recommendation from Agent Von Ahn, which is supported by the fact Form 11661 includes digital entries from Barrett in January 2013. (*See* Form 11661 (ECF No. 198-1) at 3.) The government concludes Form 11661 provides nothing new to support Orrock's suppression arguments that the IRS used civil process to conduct a surreptitious criminal investigation. The government also argues none of the summonses identified in Orrock's reply brief were issued after the criminal investigation was opened.

## II.   ANALYSIS

Rule 16 governs pretrial discovery and designates several categories of discovery that the government must produce upon a defendant's request. Fed. R. Crim. P. 16(a)(1)(A)-(G). As to documents, the rule requires their production if they are within the government's possession, custody, or control and: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). The rule exempts from its scope any material that is covered by 18 U.S.C. § 3500, the Jencks Act. Fed. R. Crim. P. 16(a)(2). The rule imposes on the parties a continuing duty to disclose evidence "prior to or during trial." Fed. R. Crim. P. 16(c). When faced with a violation of Rule 16, the trial court may:

> (A) order that party to permit the discovery or inspection; specify its time, place and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

---

[2] Based on the government's surreply, it is the court's understanding that Form 11661 was an electronic form that was modified by various investigators over a span of several years.

Fed. R. Crim. P. 16(d)(2).  It is within the court's discretion determine the appropriate sanction for a failure to comply with a discovery rule.  *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir. 1983).  The court "should not impose a sanction harsher than necessary to accomplish the goals of Rule 16."  *Id.* at 1169.

Here, the parties do not dispute that the newly-discovered documents were subject to disclosure under Rule 16, except the government argues many of the documents are Jencks material.  But the court cannot express an opinion on that argument as it has not seen the vast majority of the newly-discovered material.  Regardless, based on the information before it, the court finds that the government's recent disclosure complied with Rule 16(c), which imposes a duty on a party who discovers additional evidence or material before or during trial to promptly disclose it to the other party if it is subject to discovery under Rule 16.  The court also accepts the government's representations that most of the documents were duplicative or cumulative of previously-produced discovery, as Orrock does not dispute that argument in his reply brief.

Even if a violation of Rule 16 occurred, there does not appear to be any prejudice to Orrock.  Upon learning of the new materials, the government immediately notified Orrock and promptly provided the additional materials to him.  There is no indication the delay in locating the newly-disclosed documents was willful or motivated by a desire to obtain a tactical advantage.  The government represents that it had previously requested the documents from the IRS and that when it asked the IRS to search again, these new documents were discovered in different parts of the IRS's civil branch.  Orrock has had nearly one month to review the materials before trial.

Moreover, for the reasons explained in the government's surreply, Form 11661—the primary document out of approximately 800 pages that Orrock states he would have relied on in his motion to suppress if he would have received the document sooner—confirms the timeline the court relied on in denying the motion to suppress.  (*See* Order (ECF No. 86) at 3.)  Thus, even if Orrock had Form 11661 when he filed his motion to suppress, it does not appear it would have changed the outcome of the motion.

Given the lack of prejudice to Orrock, the sanctions Orrock requests would be harsher than necessary to accomplish Rule 16's goals, and the court in its discretion would not impose

them. *See Gee*, 695 F.2d at 1168-69.  To the extent the late disclosure prejudices Orrock by impacting his trial readiness, the only appropriate relief might be a continuance, but Orrock specifically stated in his reply brief that he does not seek a continuance.  (Reply (ECF No. 198) at 9.)  Thus, the court will recommend that Orrock's motion to dismiss be denied.

### III.     CONCLUSION

IT IS THEREFORE RECOMMENDED that defendant Craig P. Orrock's motion to dismiss (ECF Nos. 190, 192) be DENIED.

### IV.     NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 25, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE