# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG ORROCK,<br><br>Defendant. | Case No. 2:16-cr-00111-JAD-CWH<br><br>**ORDER** |

Presently before the court is the government's motion to quash subpoena (ECF No. 202), filed on April 19, 2019. Orrock filed a response (ECF No. 204) on April 21, 2019. The government filed a reply (ECF No. 205) on April 22, 2019.

The government moves to quash the subpoena to "Gerald Berkin," who the government understands to be FBI Special Agent Jerald R. Burkin, arguing Orrock failed to comply with the *Touhy* regulations applicable to the subpoena. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. §§ 16.21-16.29. The government further moves to quash the subpoena on the grounds it is unreasonable and oppressive because Agent Burkin and the FBI were not involved in the investigation of the events underlying the charges in this case.

In response, Orrock implicitly concedes he did not comply with the *Touhy* regulations, but he surmises "[i]t would appear the [m]agistrate [judge] already considered the *Touhy* regulations." (Resp. (ECF No. 204) at 2.) Orrock further responds he met with Burkin, and the meeting is documented in an FBI 302 report. Orrock states he needs Burkin's testimony to authenticate the FBI 302 report. Orrock further states that if the government would stipulate to the admissibility of the FBI 302 report, Orrock would not need to call Burkin as a witness. The government replies that the FBI 302 report is inadmissible hearsay.

The court has reviewed and considered the parties' points and authorities, including the *Touhy* regulations applicable to the subpoena. The court issued the subpoena based on the

information provided in Orrock's ex parte motion, which did not include a discussion of the *Touhy* regulations and did not state whether Orrock provided to the FBI a summary of the anticipated testimony by Burkin. *See* 28 C.F.R. § 16.23(c). In his response, Orrock concedes he did not comply with the *Touhy* regulations. The court therefore will grant the government's motion and will quash the subpoena to Burkin. The court does not express an opinion on the parties' other arguments regarding the admissibility of the FBI 302 report. Issues regarding the admissibility of evidence will be determined at trial by the United States district judge assigned to this case.

IT IS THEREFORE ORDERED that the government's motion to quash subpoena (ECF No. 202) is GRANTED as stated in this order.

IT IS FURTHER ORDERED that the subpoena to Jerald R. Burkin, which is misdrawn as a subpoena to Gerald Berkin (ECF No. 174), is QUASHED.

DATED: April 30, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE