# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00111-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Defendant's Second Motion for a New Trial** |
| Craig P. Orrock, | |
| Defendant | [ECF No. 323] |

Defendant Craig Orrock is a former attorney who worked for the Internal Revenue Service (IRS) for several years after graduating law school and spent the bulk of his career as a sole practitioner specializing in tax law. After a five-day trial in May 2019, a jury found him guilty of two counts of evasion of payment and assessment of tax and one count of attempt to interfere with administration of internal revenue laws. The convictions stem from Orrock's long history of concealing his income by reporting false information to the IRS and moving funds through—as one testifying agent described it—an extensive "spider web" of bank accounts belonging to his many entities, faux businesses he created in the name of his then-wife, and a trust ostensibly for the benefit of their children. When the IRS began to audit Orrock and attempted to later levy his accounts, he interfered with these efforts by continuing to maneuver funds through this web, falsely reporting to the IRS as part of a compromise offer he submitted that he had almost no assets, and filing a series of frivolous bankruptcy petitions to invoke the Bankruptcy Code's automatic stay of collection efforts.

Orrock, who represented himself at trial and sentencing, moved for a new trial, arguing that the weight of the evidence doesn't support the jury's verdict.[1] But the government presented

---

[1] ECF No. 260 (first motion for new trial).

a compelling case, consisting of a mountain of documents and testimony from Orrock's ex-wife, individuals involved in the transactions that resulted in more than a million dollars in income that he didn't report, and an IRS forensic fraud examiner who summarized this information for the jury as an expert witness, so I denied that motion in an extensive, 19-page order.

Orrock secured two lengthy continuances of his sentencing hearing, arguing, among other things, that he needed additional time to assemble witnesses and documents to refute the loss amounts that the IRS had calculated.[2] But Orrock's request for a third continuance based on the same pleas of witness and document unavailability was denied.[3] After an all-day sentencing hearing at which Orrock and two other witnesses testified about the loss amount and any possible offsets, Orrock received a 32-month custodial sentence for his three-count conviction.[4]

Three weeks later, Orrock filed a second motion for a new trial.[5] In it, he claims that he recently discovered that the trial subpoena that he requested for Nevada State Bank records was never issued or served and, had he been able to present those records, they could have exonerated him on at least one count, and possibly all three.[6] The government opposes the motion.[7] Finding it late and utterly without merit, I deny Orrock's motion.

---

[2] ECF Nos. 277, 280, 286, 298.

[3] ECF No. 309.

[4] ECF No. 314 (judgment).

[5] ECF No. 323. Orrock titles this motion one under "NRCP Rule 33," which would be Nevada's Rule of Civil Procedure addressing interrogatory requests to parties in a civil action. I liberally construe the motion as one for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

[6] *Id*. at 4–5.

[7] ECF No. 325. Orrock replied at ECF No. 326.

**Discussion**

Under Federal Rule of Criminal Procedure 33, a district "court may vacate any judgment and grant a new trial if the interest of justice so requires."[8] A district court ruling on a new-trial motion "need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses."[9] A new trial should be granted "only in exceptional cases, where the evidence weighs heavily against the verdict."[10]

Orrock's second motion for new trial fails to demonstrate that this is such an exceptional case. First, the motion is untimely. Rule 33 requires defendants to file their motions for new trial within 14 days of the verdict unless the basis for the motion is newly discovered evidence.[11] Orrock's instant motion, filed five months after the verdict was handed down, is not based on newly discovered evidence. At best, he's offering a newly discovered *explanation for the absence of trial evidence*—claiming that, when he learned that subpoenas he had issued for his sentencing hearing had not been served, it "roused [his] suspicion that [his] original trial subpoenas for May 7th, 2019[,] may also not have been served also [sic], thereby prejudicing [his] change [sic] for a fair trial."[12] "It now appears," Orrock argues, that his "request for subpoenas issuance was ignored—may not have been issued—and certainly was not served on the Custodian of Nevada State Bank—since they did not appear at the trial."[13] But even the absence of this evidence was not a new discovery. Orrock was well aware of all the evidence

---

[8] Fed. R. Crim. P. 33(a).
[9] *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (citation omitted).
[10] 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 582 (4th ed. 2019); *accord United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).
[11] Fed. R. Crim. P. 33(b).
[12] ECF No. 323 at 3.
[13] *Id*. at 4.

that was and was not presented at trial. Indeed, he tried to introduce the Nevada State Bank records he now calls "new,"[14] but his request to admit this evidence was denied because he could not lay a proper evidentiary foundation for it.

Worse yet, Orrock's suspicions about the fate of his Nevada State Bank subpoena are just flat wrong. The record reflects that the subpoena Orrock prepared and requested[15] was, in fact, issued,[16] and it was successfully served on Nevada State Bank on April 23, 2019, by the U.S. Marshals Service.[17] Whether Orrock was aware of that status or not, he chose to rest his case without the bank records and without making any further inquiry or motion about the Nevada State Bank witness, indicating a lack of diligence[18] if not a complete waiver of this argument.

Even if I could generously characterize this second motion for new trial as a timely one based on newly discovered evidence, it fails because Orrock has not shown—as he cannot show—that a new trial with this evidence "would probably result in acquittal."[19] The notion that the Nevada State Bank records would have made any difference at trial is pure fantasy. As Orrock explains, he did present those records at sentencing when disputing the loss amount, and he testified extensively about his loss-amount and offset theories that he claims these bank

---

[14] ECF No. 323-8.

[15] ECF No. 323-6 at 10.

[16] ECF No. 184-1.

[17] ECF No. 216 (proof of service).

[18] The trial of this case, which was filed in 2016, was continued numerous times at the request of Orrock, *see, e.g.,* ECF No. 162 at 6, who remained at liberty pending trial and has been permitted to self-surrender.

[19] *See United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991) (explaining that, to prevail on a Rule 33 motion for a new trial based on newly discovered evidence, "the evidence must indicate that a new trial would probably result in acquittal.").

4

documents support.[20]  But I did not find Orrock's evidence, testimony, or theories remotely credible or persuasive, and they were no match for the mountains of evidence that the government offered and explained in a clear and logical manner.  In light of the overwhelming evidence supporting Orrock's convictions, which I detailed in the order denying his first motion for new trial[21] and do not repeat here, I cannot conclude that the Nevada State Bank records or any other evidence that Orrock presented at sentencing would have benefitted him at trial in any way, and certainly not with an acquittal.

## Conclusion

IT IS THEREFORE ORDERED that Orrock's second **motion for a new trial [ECF No. 323] is DENIED.**

Dated: January 22, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[20] ECF No. 323 at 4.

[21] ECF No. 276.