1      **UNITED STATES DISTRICT COURT**

2      **DISTRICT OF NEVADA**

3      United States of America,                          Case No.: 2:16-cr-00111-JAD-DJA

4             Plaintiff

5      v.                                                 **Order Denying Defendant's Motion for Release from Custody Pending Appeal**

6      Craig P. Orrock,
                                                          [ECF No. 337]
7             Defendant

8             Defendant Craig Orrock was found guilty of two counts of evasion of payment and

9      assessment of tax and one count of attempt to interfere with administration of internal revenue

10     laws after a jury trial in May of 2019.  After numerous continuances and two unsuccessful

11     motions for new trial, Orrock began serving his 32-month custodial sentence at the Federal

12     Prison Camp in Lompoc, California, in late January 2020.  He now moves this court pro se to

13     release him from custody without bond while he pursues his counseled appeal before the Ninth

14     Circuit.[1]  Orrock argues that release will permit him to provide the "constant and immediate

15     feedback and communication [counsel will need] to understand the issues on appeal . . . ."[2]  He

16     adds that he is 73 years old, has a number of health conditions, and is at greater risk of

17     contracting COVID-19.[3]  The government opposes the request.[4]  Because Orrock has satisfied no

18     standard for release, I deny his motion.

19

20

21     _____

22     [1] ECF No. 337.
       [2] *Id*. at 2.

23     [3] *Id*. at 2–3.
       [4] ECF No. 339.

**Discussion**

A person convicted of a federal crime and sentenced to prison must be ordered detained

pending appeal unless he demonstrates "that the appeal is not for the purpose of delay and raises

a substantial question of law or fact likely to result in" reversal, an order for a new trial, a non-

custodial sentence, or "a reduced sentence to a term of imprisonment less than the total of the

time already served plus the expected duration of the appeal process."[5]  As the Ninth Circuit has

elaborated, "[a] 'substantial question' is one that is fairly debatable or fairly doubtful; it is one of

more substance [than] would be necessary to a finding that it was not frivolous."[6]

Orrock, a former attorney, does not even mention this standard for obtaining a release

pending appeal in his motion, let alone satisfy it.  He doesn't identify the issues he intends to

raise on appeal.  He makes no effort to show how that appeal will likely result in reversal, a new

trial, or a non-custodial sentence, or shave down the time he has to serve to something less than

the three months he's spent in custody.  Although Orrock attempts to set forth possible issues in

his reply brief,[7] I decline to consider arguments raised for the first time in reply briefs because

the practice of using a motion as merely a placeholder and then loading up the reply brief with

the real information eliminates the opposing party's ability to provide a meaningful response and

does not promote justice.[8]  Even if I were to consider them, most of the issues he belatedly

identifies are ones that I have previously found meritless, and Orrock's superficial treatment of

---

[5] 18 U.S.C. § 3143(b)(1)(B); *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990) (noting that it is the moving party's burden to demonstrate "a substantial question").

[6] *Montoya*, 908 F.2d at 450 (quoting *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)).

[7] ECF No. 340 at 1–3.

[8] *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

his appellate issues in his reply falls far short of satisfying the substantial-question burden under 18 U.S.C. § 3143(b)(1)(B).

To the extent that Orrock is attempting instead to obtain compassionate release in light of his age, health conditions, and the COVID-19 outbreak, he has failed to demonstrate that he is entitled to that relief.  A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[9]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[10] is an exception to this limitation, allowing the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[11]  But the court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12]

Orrock has not demonstrated that he has exhausted that administrative process.  Though he states in his reply brief that Lompoc has released a significant number of inmates under Attorney General Barr's recent directives to the Bureau of Prisons to transfer high-risk inmates to home confinement,[13] he states that he is not on that list and suggests the reason is that the

---

[9] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[10] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[11] 18 U.S.C. § 3582(c)(1)(A)(i).

[12] *Id.*

[13] *See, e.g.*, Memo. from William Barr, U.S. Att'y Gen., to Dir., U.S. Bureau of Prisons (Apr. 3, 2020), https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf, last visited 5/5/2020.

1  warden is releasing only inmates who have served more than 50% of their sentences. [14]

2  Regardless of the reason that Orrock has not satisfied the administrative process for

3  compassionate release, his failure to do so is "a glaring roadblock foreclosing compassionate

4  release . . . ."[15]

5                                            **Conclusion**

6         IT IS THEREFORE ORDERED that Defendant's Motion for Release from Custody,

7  without Bond, During the Pendency of Defendant's Ninth Circuit Appeal **[ECF No. 37] is**

8  **DENIED.**

9         Dated: May 5, 2020

10                                                      _____
                                                        U.S. District Judge Jennifer A. Dorsey

11

12

13

14

15

16

17

18

19

20  _____

21  [14] ECF No. 341 at 4.  For reasons unclear to this court, Orrock filed two reply briefs.  *See* ECF Nos. 340, 341.  Though ECF No. 341 purports to be a response to ECF No. 338, ECF No. 338 is just Orrock's notice of change of address.

22  [15] *See United States v. Cooper*, No. 2:14-CR-00228-JAD-CWH, 2020 WL 2064066, at *3 (D.

23  Nev. Apr. 29, 2020) (quoting *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  I incorporate herein the *Cooper* analysis of why the failure to comply with § 3582(c)(1)(A)'s exhaustion requirement prevents this court from granting compassionate release.