**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Craig P. Orrock,<br><br>    Defendant | Case No.: 2:16-cr-00111-JAD-DJA<br><br>**Order Denying Emergency Motion to Stay Litigation of Compassionate-Release Motion but Extending Government's Response Deadline to 7-31-2020**<br><br>[ECF No. 359] |

    Defendant Craig Orrock was found guilty of two counts of evasion of payment and assessment of tax and one count of attempt to interfere with administration of internal revenue laws after a jury trial in May of 2019. After numerous continuances and two unsuccessful motions for new trial, Orrock began serving his 32-month custodial sentence at the Federal Prison Camp in Lompoc, California, in late January 2020. In May, I denied Orrock's motion to release him from custody without bond while he pursues his counseled appeal before the Ninth Circuit.[1]

    Orrock has since filed a pro se motion for compassionate release,[2] which was supplemented by the Federal Public Defender's Office,[3] arguing that his advanced age and medical conditions put him at greater risk of contracting COVID-19. The government moves on an emergency basis to stay litigation of that motion because it has "learned of developments posing a real and substantial chance of the Bureau of Prisons independently causing Orrock's transfer to home confinement. . . ."[4] Government counsel recounts its communications with

---

[1] ECF No. 342.
[2] ECF No. 354.
[3] ECF No. 355.
[4] ECF No. 359 at 2.

Bureau of Prisons (BOP) representatives that indicate that its "Central Office is actively addressing the issue of Orrock's potential release"[5] and represents that, because it appears that the release process under the CARES Act is actively working for Orrock, it "should be permitted to run its course."[6] The government acknowledges that Orrock's continued stay at the USP Lompoc facility risks exposure, but notes that the "BOP has historically succeeded at shielding Orrock from COVID-19 infection throughout the approximately six months he has been" there, and the conditions at Lompoc are "much improved."[7]

    I find the government's argument for allowing the BOP some additional time to process Orrock's request persuasive. The BOP is in the best position to evaluate an inmate's entitlement to home release and fashion appropriate conditions for it. The compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is essentially designed to allow the court to step in when the BOP has declined to act. But here, the BOP appears to be acting. So a brief delay to allow that process to play out is the most efficient way for Orrock's request to be addressed. However, I am not persuaded that suspending briefing and setting a status check for August 7, 2020—as the government proposes—is fair to Orrock. Instead, I deny the request to stay litigation of this motion and simply extend the government's date to respond to Orrock's motion to July 31, 2020. If the BOP has not acted by that date, the government will be expected to file a response brief.

---

[5] *Id*. at 7.

[6] *Id*. at 10.

[7] *Id*. at 9–10.

IT IS THEREFORE ORDERED that the Government's Emergency Motion to Stay Litigation of Defendant's Motion for Compassionate Release **[ECF No. 359] is DENIED, but the government's deadline to respond to Orrock's motion [ECF Nos. 354, 355] is extended to July 31, 2020.**

Dated: July 21, 2020

_____
U.S. District Judge Jennifer A. Dorsey