UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Craig P. Orrock,<br><br>    Defendant | Case No.: 2:16-cr-00111-JAD-DJA<br><br>**Order Modifying Conditions of Supervised Release Related to Restitution** |

    Defendant Craig Orrock was found guilty of two counts of evasion of payment and assessment of tax and one count of attempt to interfere with administration of internal revenue laws after a jury trial in May of 2019. He served his custodial sentence and began his three-year term of supervised release in January of this year. Orrock's judgment included restitution of $923,666.73. But that portion of his judgment was vacated on appeal because "the district court did not include the restitution order as a condition of supervised release, but rather . . . as an independent part of the sentence," and it was "unclear whether the district court limited the award to actual losses."[1] So, on remand, I ordered the parties to brief the proper amount and method for imposing restitution in light of the Ninth Circuit's rulings, and I conducted a hearing on these issues.[2] At that hearing, I found that the actual amount of loss resulting from the defendant's conduct that formed the basis for his conviction on counts 1 and 2 is $613,992.33, and I directed that Orrock's conditions of supervised release be modified under 18 U.S.C. 3583(e) to include this restitution component as a condition of supervised release and that the full amount is immediately due and owing, but that Orrock be required to make monthly

---

[1] ECF No. 371 at 5.

[2] ECF No. 389 (minutes of 7/25/2022 hearing).

payments toward that restitution amount equal to 5% of any income he earns during supervision, in light of his financial circumstances. Although I indicated at the hearing that I would enter an amended judgment, because the Ninth Circuit has already vacated the restitution portion of the judgment, and because I am only imposing this restitution obligation as a condition of supervised release, I do so by order instead and will not direct the Clerk of Court to enter an amended judgment.

IT IS THEREFORE ORDERED that Craig P. Orrock's **terms of supervised release are MODIFIED** to add these terms:

- You must make restitution in the amount of $613,992.33, which is due immediately in full, and any obligation to pay interest on this amount is waived; and
- Any unpaid amount of restitution must be paid at a monthly rate of 5% of any income earned during the term of supervised release.

Dated: August 19, 2022

_____
U.S. District Judge Jennifer A. Dorsey